# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KELLY BAILEY,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0806** (BOR Appeal No. 2051892)
              (Claim No. 2016028649 )

**MERCER COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kelly Bailey, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mercer County Board of Education, by Katherine Arritt, its attorney, filed a timely response.

The issue on appeal is the compensability of Ms. Bailey's claim for workers' compensation benefits. On May 19, 2016, the claims administrator denied Ms. Bailey's application for benefits. The Office of Judges reversed the claims administrator in its February 27, 2017, Order. The Order was reversed by the Board of Review on August 14, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Kelly Bailey, a cook for Mercer County Board of Education, fell at work on April 22, 2016. She was treated in the emergency room at Bluefield Regional Medical Center on May 3, 2016, for neck pain and lower back pain that radiated into her right hip. She provided a history of falling at work the previous Friday. It was noted that she had a history of lumbar spine pain and the fall aggravated it. She was diagnosed with acute back pain.

Ms. Bailey was treated at MedExpress for neck and back pain on May 9, 2016. She was diagnosed with back and neck pain, provided prescriptions, and advised to attend a previously scheduled orthopedic appointment. The physician section of the employees' and physicians'

1

report of injury was completed by Steven D. Bridges, M.D., who noted Ms. Bailey was initially treated on May 9, 2016, that she injured her neck and back when she fell on April 22, 2016, and that she aggravated a prior low back injury when she fell. Ms. Bailey was treated at MedExpress on May 18, 2016, and diagnosed with low back pain and neck pain. On May 19, 2016, the claims administrator rejected Ms. Bailey's application for benefits as the injuries alleged were pre-existing.

Prior to the April 22, 2016, injury Ms. Bailey had sought medical treatment for her lumbar spine a number of times. On September 23, 2015, she was treated for neck and upper back pain after a motor vehicle accident. On November 30, 2015, Ms. Bailey injured her neck at work. She was off of work due to that injury until at least March 1, 2016. She was treated extensively for neck pain, with some occasional complaints of low back pain, both before and after the April 22, 2016, injury. On May 23, 2016, Ms. Bailey was diagnosed with back pain and cervicalgia.

On September 13, 2016, Ms. Bailey testified that she was injured on April 22, 2016, when she slipped and fell in some grease and water that was on the floor of the dish room. She fell on her tailbone. She had fallen a couple of months prior to the April injury and at that time she injured her neck and upper back. On April 22, 2016, she injured her lower back and irritated her neck and back injuries from the previous fall. She denied having had pain or an injury to her low back prior to the April fall and denied receiving any medical treatment for her low back prior to the April fall.

Also on September 13, 2016, Alecia Lusk, Ms. Bailey's co-worker, testified via deposition that on April 22, 2016, she was working with Ms. Bailey and she told her she fell down. She did not witness the fall, but turned to get more dishes and saw Ms. Bailey sitting on the floor in the doorway. Ms. Lusk observed Ms. Bailey get back up and finish her shift.

The Office of Judges reversed the claims administrator's rejection of the claim and found the claim compensable for a lumbar sprain/strain on February 27, 2017. It determined that Ms. Bailey had established by a preponderance of the evidence that she sustained an injury to her lumbar spine in the course of and resulting from her employment on April 22, 2016. An isolated fortuitous event occurred when she slipped and fell in some grease and water and landed on her tailbone. The Office of Judges found the injury resulted in a lumbar sprain/strain. While it acknowledged that Ms. Bailey had not been forthcoming regarding her prior lumbar spine problems, the medical evidence was sufficient to show a new injury. The Office of Judges also noted Ms. Bailey's considerable symptom magnification. However, the medical records showed Ms. Bailey experienced limited range of motion after the injury, which was not mentioned in the medical records prior to the injury.

In its August 14, 2017, decision, the Board of Review considered the case in light of *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 587 (2016). It concluded that the Office of Judges' Order was clearly wrong and it was an error of law to hold the claim compensable for a lumbar sprain/strain. The Board of Review found that there was no indication that Ms. Bailey had been diagnosed with a lumbar sprain/strain. It agreed that she was not forthcoming about her

prior treatment and that the record raised concerns about symptom magnification. Therefore, the Board of Review determined there were "too many discrepancies in the evidence to support the credibility of the claimant's application and the compensability of the claim". After review of the evidence of record and consideration of the parties' arguments, we agree with the Board of Review. The medical evidence shows Ms. Bailey had limited range of motion following her fall on April 22, 2016. The diagnosis for the lumbar spine was lumbar spine pain. The records do not show Ms. Bailey was diagnosed with a lumbar sprain/strain. Therefore, the claims administrator was correct to reject the compensability of Ms. Bailey's claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Chief Justice Margaret L. Workman